## ABNEY v. CARTER.

1. No advantage can be taken on error because the damages found by the verdict and judgment, exceed the amount of the note and interest, as described in the declaration.

Error to the Circuit Court of Barbour.

BUFORD, for plaintiff in error.

ORMOND, J.—The opinion just delivered in the case of Giles v. Williams, is decisive of the present case. The defendant being a purchaser of lands in possession, could not defend himself at law when sued for the purchase money, on the ground of defect or want of title in his vendor.

It is not necessary to consider whether the last charge given by the Court, was correct or not, for if erroneous it could not prejudice him.

It is also assigned for error, that the damages awarded exceed the amount of the note and interest. In the case of Moore v. Coolidge, 1 Porter, 283, it was held that where the judgment corresponded with the verdict, no relief could be had on error, because the verdict and judgment was for a larger amount than the note with interest computed thereon, recited in the de-

claration. The reasoning of the court is, that the presumption that the verdict and judgment were wrong, rested on the hypothesis that the statement of the instrument sued on in the declaration was correct; which although probable, was not sufficiently certain to set aside the verdict, and that the proper remedy in such a case, was to move the Court for a new trial. That case is decisive of this, and the judgment is therefore affirmed.